Filed 12/8/20  P. v. Higginson CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THEODORE HIGGINSON,<br><br>    Defendant and Appellant. | B301825<br><br>(Los Angeles County<br>Super. Ct. No. MA071820) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to a negotiated plea, defendant and appellant Theodore Higginson pled no contest to violation of Penal Code section 245, subdivision (a)(4).[1] After he violated the terms of his probation, the trial court imposed the agreed-upon term of three years in prison. We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

On the morning of June 27, 2017, Higginson, armed with a gun, pounded on the windows of Lenntine Futch's house. He threatened to "knock out [her] windows" and "come in there and fuck all of you all up." Higginson had previously attempted to hurt Futch and her nephew. Futch was afraid for her life.

On the evening of July 27, 2017, Richard Williams was walking near an intersection in Lancaster when Higginson, driving a sport utility vehicle, sped towards him. Williams jumped out of the way to avoid being hit by the car. Higginson then threatened Williams, saying, "I'm gonna beat you up, mother fucker." Williams took off running, and Higginson said, "I'm going to kill you."

In an information filed on September 22, 2017, Higginson was charged with making criminal threats against Futch while armed with a firearm (§§ 422, subd. (a), 12022, subd. (a)(1), count 1) and assault with a deadly weapon against Williams (§ 245, subd. (a)(1), count 2). The information alleged, as to both offenses, that Higginson had suffered two prior serious or violent

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Because Higginson pled no contest before trial, we derive the facts from the preliminary hearing transcript.

felony convictions. (§§ 667, subds. (a), (b)–(i), 1170.12, subds. (a)–(d).)

In May 2018, the information was amended to add a third count of assault by means of force likely to produce great bodily injury. (§ 245, subd. (a)(4), count 3.) Pursuant to a negotiated disposition, Higginson pled no contest to count 3. In accordance with the plea bargain, the trial court imposed the middle term of three years in prison, but suspended execution of the sentence and placed Higginson on formal probation for three years. The terms of Higginson's probation required, among other things, that he attend three months of anger management counseling and serve 364 days in jail with credit for 525 days served. The court dismissed the two remaining counts. It imposed a restitution fine of $300, a suspended parole revocation restitution fine in the same amount, a $40 court operations assessment, and a $30 criminal conviction assessment.

On February 15, 2019, Higginson was arrested for assaulting his former girlfriend, Porschea Alley. As a result, he was charged in a new case, no. MA075715. His probation was revoked in the instant case and the matter was set for a probation violation hearing.

On April 24, 2019, defense counsel expressed concern about Higginson's competency. The trial court asked Higginson a series of questions, concluded he was "lucid and oriented," and declined to declare a doubt.

On May 17, 2019, the trial court held the probation violation hearing. Alley testified that she and Higginson had dated for approximately seven years and had an infant daughter together, but were no longer in a relationship. In the early morning hours of February 15, 2019, Alley and Higginson were

3

outside Alley's apartment, talking. According to Alley's statements to a police officer, she and Higginson argued. He yelled, "Bitch, let me get my daughter," and threatened to kill her. He started his car and drove toward her. She ran toward her apartment and jumped out of the way to avoid being hit by the car. When Higginson stopped the vehicle, it was less than five feet away from the concrete steps leading to her apartment. Alley believed he was going to run over her with the car.

At the probation violation hearing, Alley testified that she had refused to let Higginson take the baby because she disliked a woman who was at his home that evening. She called police and falsely told them that Higginson tried to run her over because she was angry that he had been cheating on her, and "wanted to get him in trouble for having a girl over there. . . ." She admittedly requested an emergency protective order.

The trial court did not credit Alley's testimony that she had lied to the officer, and found Higginson in violation of his probation.

After a break in the proceedings, Higginson pled no contest to making criminal threats in violation of section 422 in the Alley case, no. MA075715. At a subsequent sentencing hearing, the trial court terminated probation and ordered the three-year sentence imposed in the instant case executed, to be served concurrently with the sentence in case no. MA075715. It awarded Higginson 940 days of custody credit.

Higginson timely appealed.

## DISCUSSION

After review of the record, Higginson's court-appointed counsel filed an opening brief that raised no issues, and requested that this court conduct an independent review of the

record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Appellant was advised that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

We have examined the record, and are satisfied no arguable issues exist and Higginson's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende, supra*, 25 Cal.3d at pp. 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

DHANIDINA, J.

5